[No. 8,539.   Department One.—January 29, 1885.]
ELIZABETH P. HOWELL, RESPONDENT, *v.* HENRY P.
HOWELL, APPELLANT.

DEPOSITION—ORDER SHORTENING TIME OF NOTICE.—An order shortening the
time for which notice of the taking of a deposition shall be given must des-
ignate a definite time of notice.
ID.—SERVICE OF NOTICE FORTHWITH.—An order providing for the taking of
a deposition at a certain hour of the day on which the order was made, and
directing a service of the notice "forthwith," is not sufficiently definite.

APPEAL from a judgment of the Superior Court of the city and
county of San Francisco, and from an order refusing a new trial.

The action was brought to procure a divorce.   The further
facts are sufficiently stated in the opinion of the court.

*S. P. Hall*, and *John C. Hall*, for Appellant.

*Sawyer & Ball*, for Respondent.

McKINSTRY, J.—On the 13th of December the plaintiff here-
in presented to the judge a certain affidavit, upon which, on
the same day (at what hour of the day does not appear), the
judge made the order following :

" Good cause being shown to me therefor, by the foregoing
affidavit, it is ordered that the deposition and testimony of the
witness therein named be taken before William Harney, Esq., a
notary public in the city and county of San Francisco, in the
State of California, at No. 7 Stockton street, in the city and
county of San Francisco, on the 13th day of December, 1878,
at four o'clock in the afternoon of that day, and that a copy of
said affidavit, and of this order, be served on the defendant's
attorney forthwith."

A copy of the affidavit and order, together with notice that
the deposition of the witness would be taken at the time and
place and before the officer mentioned in the order, was served
on the attorney for defendant at 3 o'clock P. M.

The certificate of the notary is to the effect that the deposi-
tion was taken " at the time mentioned in the order," to wit, on
the said 13th day of December " between the hours of 2 P. M.
and 5 P. M. of that day."

At the trial, the defendant objected to the reading of the dep-

osition, on the ground, amongst others, that no sufficient notice of the taking of the deposition had been served.

If the order of the judge was such as he had no power to make, notice of less than five days was not sufficient.

Section 2031 of the Code of Civil Procedure provides that the deposition of a witness may be taken, on serving notice upon the adverse party : " Such notice must be at least five days * * * unless, for cause shown, a judge, by order, *prescribe a shorter time*." In the case before us, the judge did not prescribe any time of notice less than five days. The plaintiff was directed to serve the notice " forthwith." The statute prescribes a definite time of notice in ordinary cases, and authorizes the judge, for cause, to prescribe another and shorter time. " *Forthwith*.—As soon as by reasonable exertion, confined to the object, it may be accomplished. This is the import of the term ; it varies, of course, with every particular case." (Bouvier, and cases by him cited.) Hence, when the order is to serve forthwith, it does not prescribe any definite time.

Nor does it even appear—if we were authorized to determine the fact—that the order was complied with. The notice was served at 3 o'clock P. M., but the record does not show the hour at which the order was made. If the order was made at 10 A. M., we could not say as matter of law that the notice served at 3 P. M. was served forthwith.

The defendant did not appear at the taking of the deposition, and was justified in objecting to the reading of the deposition.

Judgment and order reversed, and cause remanded for a new trial.

ROSS, J., and McKEE, J., concurred.

Hearing in Bank denied.